**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SELMA DIVISION**

| | | |
|---|---|---|
| **A. RICK WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CV________________** |
| | ) | |
| **RICHARD DOTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Rick Williams ("Williams" or "Plaintiff") files this Complaint against Defendant Richard Doty ("Doty" or "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff Rick Williams is an adult resident of Dallas County, Alabama.

2. Defendant Richard Doty, upon information and belief, is an adult resident of Oxford, Mississippi, in Lafayette County, Mississippi.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are residents of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and fees.

4. The parties consented to this litigation and this venue within their Forbearance Agreement, dated January 7, 2025. (*See* Exhibit A, at ¶ 6).

## FACTS

5. On June 14, 2022, Williams agreed to loan Doty $70,000.00 (the "Loan Funds"). (*See* Exhibit B, Memorandum of Understanding ("MOU")).

6. Doty provided wiring instructions for the transfer of the Loan Funds. (*See* Ex. C).

7. Pursuant to the wiring instructions, Williams wired the Loan Funds to an account owned by WLE, LLC. (*See* Ex. D).

8. Upon information and belief, Doty intended to reloan the Loan Funds to another business and/or personal associate of his to be used to pay foreign inheritance taxes.

9. In addition to agreeing to repay the Loan Funds, Doty agreed (i) to pay $50,000 as additional consideration for Williams's agreement to make the loan (collectively, the "Debt") and (ii) to "assume all risk and fees" in the event of litigation related to the loan. (*See* Ex. B).

10. Doty further acknowledged and affirmed his obligation to pay the Debt and his obligation to pay Williams's reasonable attorneys' fees, expenses and costs in the Forbearance Agreement, dated January 7, 2025, under which Williams agreed to extend the deadline for Doty to pay the Debt to February 17, 2025. (*See* Ex. A, at ¶¶ a, 8).

11. Doty has failed to pay the Debt and, therefore, is in default of the Memorandum of Understanding and the Forbearance Agreement.

## CAUSES OF ACTION

### Count 1 – Breach of Contract – MOU

12. Plaintiff re-alleges, as if fully set forth herein, all preceding paragraphs and allegations of fact, and alleges further:

13. On June 14, 2022, Williams agreed to loan the Loan Funds to Doty, which Doty was to re-loan to a business and/or personal associate of his for payment of foreign inheritance tax.

14. Williams wired the Loan Funds pursuant to the wiring instructions Doty provided.

15. To date, Doty has failed to pay any of the Debt owed to Williams.

16. Williams is entitled to recover his reasonable attorneys' fees, expenses and costs pursuant to the terms of the MOU and the Forbearance Agreement. (*See* Ex. A, at ¶ 8; Ex. B).

WHEREFORE, Plaintiff demands judgment against Defendant for the sum of $120,000.00, plus pre-judgment interest, attorneys' fees, costs and expenses.

### Count 2 – Breach of Contract – Forbearance Agreement

17. Plaintiff re-alleges, as if fully set forth herein, all preceding paragraphs and allegations of fact, and alleges further:

18. On or about January 7, 2025, the parties executed the Forbearance Agreement which, among other things, extended the deadline for payment of the Debt to February 17, 2025. (*See* Ex. A).

19. The Forbearance Agreement reaffirms Doty obligation to pay the Debt and clarifies certain aspects of the parties' agreement including, but not limited to, the venue of this action, the jurisdiction of this court, the choice of law, and Williams's right to recover reasonably attorneys' fees, expenses and costs incurred in litigation seeking to enforce the MOU or the Forbearance Agreement. (*See id.*).

20. Doty has breached the Forbearance Agreement by failing to pay the Debt on or before February 17, 2025.

WHEREFORE, Plaintiff demands judgment against Defendant Doty for the sum of $120,000.00, plus pre-judgment interest, attorneys' fees, costs and expenses.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 7th day of March, 2025.

*s/ Charles M. Hearn*
Thomas A. McKnight, Jr. (ASB-3942-M67M)
tmcknight@wallacejordan.com
Charles M. Hearn (ASB-1674-F88E)
chearn@wallacejordan.com
*Attorneys for Plaintiff Rick Williams*

**<u>OF COUNSEL</u>:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
800 Shades Creek Parkway, Suite 400
P. O. Box 530910
Birmingham, Alabama 35253
Telephone: (205) 870-0555
Facsimile: (205) 871-7534

**Plaintiff Requests Service By Process Server at**:

Richard Doty
803 University Avenue
Oxford, MS 38655